In re GARMANN et al.

(District Court, W. D. Pennsylvania. October 13, 1926.)

No. 11921.

Bankruptcy ⬅415(3)—Special master's finding that bankrupts attempted to conceal financial condition, recommending denial of discharge, should not be reversed, unless plainly erroneous.

Special master's finding that bankrupts attempted to conceal their financial condition, recommending denial of discharge, should not be reversed, in absence of plain error.

In Bankruptcy. In the matter of Clarence W. Garmann and another, individually and trading as Garmann Bros., bankrupts. On exceptions of bankrupts to the report and supplemental report of the special master, recommending denial of discharge in bankruptcy. Exceptions dismissed, and report of special master confirmed.

Kountz & Fry, of Pittsburgh, Pa., for trustee.

Charles G. Lane, Jr., of Pittsburgh, Pa., for bankrupts.

GIBSON, District Judge. Exceptions were filed to the discharge of the bankrupts; one of the grounds of the exceptions being that the bankrupts had concealed or destroyed their books of account with intent to conceal their financial condition. The exceptions were referred to the referee in bankruptcy for this county, as special master, to take testimony and report to the court. Pursuant to the reference, testimony was taken by the referee, as special master, and in due time he reported to the court that the testimony established, as a fact, that the bankrupts had concealed or destroyed their books of account with intent to conceal their financial condition, and recommended that the discharge be refused. To the finding of the referee, counsel for the bankrupts has excepted, and has caused the matter to be certified to this court for review.

The testimony heard by the referee was conflicting to some extent. An examination of the transcript, however, shows the existence of testimony which, if believed, was sufficient to justify the recommendation of the special master. In view of the fact that the witnesses were seen and heard by the special master, he was better able to determine their credibility than is the court and his finding should not be reversed, in the absence of plain error. Such error does not appear, and, no allegation of error of law committed by him being alleged, it follows that his finding must be sustained.

Order of Court.

And now, to wit, October 13, 1926, exceptions of Clarence W. Garmann and Henry T. Garmann, bankrupts, to the report and supplemental report of Watson B. Adair, referee in bankruptcy, acting as special master (wherein said master reports that bankrupts have concealed or destroyed their books of account with intent to conceal their financial condition, and has recommended that said Clarence W. Garmann and Henry T. Garmann be denied each his respective discharge in bankruptcy), having come on to be heard, after argument of counsel thereon, upon consideration thereof, it is ordered, adjudged, and decreed that the said exceptions to the said report and supplemental report of Watson B. Adair, referee in bankruptcy, as special master, be dismissed, and it is further ordered that the report of said special master, recommending the refusal of the discharge of said bankrupts, be and the same hereby is confirmed absolutely.